IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMIE BOYD,

      Petitioner,

  v.

TERRY TIBBALS, WARDEN,
MANSFIELD CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:13CV611
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant *Petition*, Respondent's *Motion to Dismiss*, Petitioner's *Memorandum Contra,* and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 10, be **GRANTED** and that this action be **DISMISSED** as barred under the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).

**Procedural History**

This case involves Petitioner's convictions after a jury trial on rape and kidnapping.  Because Respondent contends that this action is time-barred, this Court will review the procedural history of this case as it relates to the time frames of Petitioner's filings in order to determine whether the statute of limitations expired prior to Petitioner's filing of this action.  For the purposes here, this Court will assume, *arguendo,* that all of Petitioner's collateral or post conviction filings tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(1).  For the reasons that follow, even under such a scenario, this action is time-barred.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In a *Judgment Entry* filed April 16, 2009, the Ohio Court of Common Pleas sentenced Petitioner to an aggregate sentence of fifteen years of incarceration. *Exhibit 4 to Motion to Dismiss.* Petitioner timely appealed, and on April 6, 2010, the Court of Appeals affirmed the judgment of the trial court. *State v. Boyd,* No. 09CA14, 2010 WL 1408677 (Ohio App. 4th Dist.

April 6, 2010).  On August 25, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Boyd*, 126 Ohio St.3d 1547 (2010).  Ninety days later, on November 24, 2010, when the time period expired to file a petition for a *writ of certiorari* to the United States Supreme Court, Petitioner's conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) for the purposes of the running of the statute of limitations in this case.  Absent any tolling of the statute of limitations, the statute of limitations began to run one day later, and expired November 25, 2011.

Petitioner's "Request for Thirty Day Extension of Time to File a 26(B)", *see Exhibit 13 to Motion to Dismiss* had no impact on the running of the statute of limitations.  As the record reflects, Petitioner filed that motion on July 13, 2010, and the state appellate court rejected the motion shortly thereafter, on July 13, 2010, *see Exhibit 14 to Motion to Dismiss*, prior to the date that Petitioner's conviction became "final" under the terms of 28 U.S.C. § 2244(d)(1)(A).

Assuming *arguendo*, however that Petitioner's "Motion to Impose Valid Sentence," filed on July 15, 2011, tolled the running of the statute of limitations (a finding this Court does not make), the statute of limitations ran a period of 233 days prior to the filing of this motion.  (From November 24, 2010 to July 15, 2011).  The statute of limitations then was tolled until August 28, 2011, thirty days after the trial court's July 29, 2011, dismissal of that motion, and when the time period expired to file a timely appeal.  *See* Rule 4(A), Ohio Rules of Appellate Procedure; *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Oko v. Gansheimer*, 2012 WL 684632, at *6 (N.D. Ohio Jan. 5, 2012)(same)(citations omitted).  The statute of limitations began to run again on August 29, 2011, and ran for a period of 16 days, until September 14, 2011, when Petitioner filed his "Petition for a Writ of Mandamus … or Procedendo" in the state appellate court.  *See Exhibit 19 to Motion to Dismiss.*  Again, this Court does not find that this action actually tolled the running

of the statute of limitations, but assuming that it did, the statute of limitations began to run again on May 31, 2012 (one day after the Ohio Supreme Court's dismissal of Petitioner's appeal), and expired 116 days later, on September 24, 2012. Petitioner waited until February 21, 2013, almost five months later, to execute this federal habeas corpus petition.

Petitioner, however, contends that the Court should equitably toll the running of the statute of limitations, because he was denied or had limited access to the prison's law library and denied access to his legal file, which constitute a state created impediment to the timely filing of this action. *See Memorandum Contra*, Doc. No. 13, PageID #311-14. According to Petitioner, the statute of limitations did not begin to run until May 12, 2011, when "state imposed impediments [were] removed." Petitioner also argues that his motion for extension of time to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) tolled the running of the statute of limitations – and he could not file a "meaningful" Rule 26(B) application because he was placed in segregation during that time. PageID #315. Petitioner claims that the state courts erred in their dismissal of his petition for a writ of mandamus, because his sentence is void and therefore properly raised in such proceeding. PageID #316. Finally, Petitioner contends that he is actually innocent of the charges such as requires equitable tolling of the statute of limitations, but indicates that he "has been unable to procure any new evidence to support [this] claim". PageID #318. Petitioner argues that he did not procedurally default any of his claims and has attached the transcript of his sentencing hearing in support.

Petitioner has not alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (statute of limitations may be equitably tolled in extraordinary circumstances). In *Holland*, 130 S.Ct 2562–63, the Supreme Court explained that a petitioner is entitled to equitable tolling only if he

shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoners' *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citing *Inglesias v. Davis*, No. 07–1166, –––Fed.Appx. –––, –––, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009); *Lloyd v. Van Natta*, 296 F.3d 630, 633–34 (7th Cir.2002) (*per curiam*); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002 *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001)). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the

Petitioner's control. *Lowe v. State*, No. 2:12-CV–142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

Nothing in the record indicates that Petitioner's limited access to the prisons' law library or legal materials or his placement in segregation prevented him from filing his Petition for the length of time at issue here. To the contrary, Petitioner was able to file a motion for extension of time to file an application to reopen the appeal. Moreover, the record fails to reflect the Petitioner was diligent in pursuing his claims. Even assuming that all of Petitioner's collateral or post-conviction proceedings tolled the running of the statute of limitations, he waited almost five months later to file this habeas corpus action.

Moreover, Petitioner's alleged actual innocence of the crimes charged does not toll the running of the statute of limitations in this case. *See McQuiggin v. Perkins,* -- U.S. --, 133 S.Ct. 1924, 1928 (2013)("To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " (citing *Schlup*, 513 U.S., at 327); *see also Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005)(same). Petitioner sets forth no new reliable evidence indicating he is actually innocent of the charges against him.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 10, be **GRANTED** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*___<br>Elizabeth A. Preston Deavers<br>United States Magistrate Judge

Date:  April 10, 2014