IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMIE BOYD,

      Petitioner,

v.

TERRY TIBBALS, WARDEN,
MANSFIELD CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:13-cv-611
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On April 10, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (Doc. No. 10) be granted and that this action be dismissed. This matter is before the Court on Petitioner's *Objection* to the Magistrate Judge's *Report and Recommendation.*

This case involves Petitioner's April 16, 2009, convictions and sentence for rape and kidnapping. The state appellate court affirmed the judgment of the trial court and, on August 25, 2010, the Ohio Supreme Court dismissed the appeal. Under the provision of 28 U.S.C. § 2244(d)(1)(A), therefore, Petitioner's conviction became final ninety days later. The statute of limitations expired on November 25, 2011. Petitioner waited until March 4, 2013, to file this habeas corpus petition. Doc. No. 1. During the intervening time, on July 13, 2010, Petitioner filed a motion for extension of time to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). On July 15, 2011, he filed a motion to impose valid sentence in the state trial court; and on September 14, 2011, he filed a petition for a writ of mandamus in the state

1

appellate court.  The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations under 28 U.S.C.§ 2244(d).

Petitioner objects to the Magistrate Judge's recommendation of dismissal.  He raises the same arguments he previously presented.  He contends that he timely filed this habeas corpus petition because state-created impediments prevented him from pursuing relief until May 12, 2011.  Petitioner also again that this Court should equitably toll the running of the statute of limitations for the time period at issue in view of his *pro se* status and lack of access to the prison's law library and legal materials.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons already addressed in the Magistrate Judge's *Report and Recommendation*, the Court is not persuaded by Petitioner's arguments.  The record fails to reflect either that Petitioner acted diligently in pursuing his claims or that the State prevented him from pursuing relief.  The record likewise fails to reflect that equitable tolling of the statute of limitations is appropriate.

Petitioner's *Objection* (Doc. No. 19), is **OVERRULED**.  The *Report and Recommendation* (Doc. No. 15), is **ADOPTED** and **AFFIRMED**.  Respondent's *Motion to Dismiss* (Doc. No. 10), is **GRANTED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

2